UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRENT HENRICKSON,<br>    Plaintiff(s),<br>v.<br>CHARLES DANIELS, et al.,<br>    Defendant(s). | Case No. 2:20-cv-01676-JAD-NJK<br>**REPORT AND RECOMMENDATION**<br>[Docket No. 23] |

Pending before the Court is Plaintiff's renewed motion for preliminary injunction. Docket No. 23.[1] Defendants filed a response in opposition. *See* Docket Nos. 25-26. Plaintiff filed a reply. Docket No. 30. The motion was referred to the undersigned magistrate judge for issuance of a report and recommendation. *See* Local Rule IB 1-4; *see also* 28 U.S.C. § 636(b)(1)(A) (excluding resolution of a motion for injunctive relief from a magistrate judge's authority). The undersigned finds the matter properly addressed without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the undersigned **RECOMMENDS** that Plaintiff's renewed motion for preliminary injunction be **DENIED**.

**I.    BACKGROUND**

Plaintiff asserts that he became Wiccan before August 2019. *See* Docket No. 1-1 at 3 (complaint filed August 17, 2020, alleging that Plaintiff "has been a Wiccan for well over 1 year"). Plaintiff's claims are predicated on the assertion that his religious practice as a Wiccan dictates that he "may not eat meat, nor unpure foods." Docket No. 1-1 at 6-7. Elaborating on the latter category of foods, Plaintiff indicates that he is prevented from eating "chemical laden man made

---

[1] Plaintiff's first motion for preliminary injunction was denied without prejudice given the parties' attempt to settle the case at an early mediation. *See* Docket No. 10 at 7-8. A settlement was not reached at the subsequent mediation. Docket No. 17.

foods such as dehydrated eggs, processed artificial cheese, synthetic jelly, etc." Docket No. 7 at 6. Plaintiff alleges that he requested a dietary accommodation in November 2019, but that the meatless meals that were then offered to him were not sufficient to meet his needs. *See* Docket No. 1-1 at 4, 5-6. Plaintiff alleges that his Constitutional and statutory rights are violated by the prison not providing him the "Common Fare Diet" that is provided to prisoners practicing other religions. *See, e.g.*, *id.* at 6. The parties are now before the Court on Plaintiff's renewed motion for preliminary injunction requiring the prison to provide him the Common Fare Diet. Docket No. 23.[2]

## II.   STANDARDS

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The Supreme Court set forth the standard for this form of equitable relief, instructing that the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20; *accord Herb Reed Enterprises, LLC v. Fla. Entertainment Mgmt., Inc.*, 736 F.3d 1239 (9th Cir. 2013). The last two factors "merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009).

A plaintiff who seeks a mandatory injunction—one that goes beyond simply maintaining the status quo during litigation—bears a "doubly demanding" burden: "[he] must establish that the law and facts *clearly favor* [his] position, not simply that [he] is likely to succeed." *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc) (emphasis in original). "The status quo means the last, uncontested status which preceded the pending controversy." *Id.* at 740 n.4 (internal citation and quotation marks omitted). The Ninth Circuit has cautioned that mandatory injunctions are "particularly disfavored" and "should not issue in doubtful cases." *Id.* at 740 (internal citation and quotation marks omitted).

---

[2] The renewed motion for preliminary injunction is not well developed. Given Plaintiff's status as a *pro se* prisoner, the Court must construe his papers liberally. *Blaisdell v. Frappiea*, 729 F.3d 1237, 1241 (9th Cir. 2013). The undersigned construes the renewed motion for preliminary injunction as also including the arguments presented in the first motion for preliminary injunction.

In addition, in civil actions involving prison conditions, the Prison Litigation Reform Act dictates that injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the federal right, and be the least intrusive means necessary to correct that violation. *Pasaye v. Dzurenda*, 375 F. Supp. 3d 1159, 1164-65 (D. Nev. 2019) (quoting 18 U.S.C. § 3626).

**III.   ANALYSIS**

Plaintiff's claims are predicated on the assertion that his religion dictates that he "may not eat meat, nor unpure foods" such as processed artificial cheese. Docket No. 1-1 at 6-7; Docket No. 7 at 6. Plaintiff argues that injunctive relief is required in this case because the prison is currently serving him a diet with such foods. *See, e.g.*, Docket No. 7 at 4.[3] While Defendants do not challenge Plaintiff's assertion that he is a devout Wiccan, Docket No. 25 at 5, they question Plaintiff's need for injunctive relief requiring his requested diet given his voluntary food choices. To that end, Defendants filed as an exhibit Plaintiff's purchases from the canteen demonstrating that he has chosen not to follow the dietary restrictions that he demands from the prison. *See id.* at 5. By way of example, some of those purchases made on or after the time Plaintiff sought a specialized diet on religious grounds in November 2019 include, *inter alia*, pork rinds, "cheese squeeze," a tub of cheese spread, beef summer sausage, and Cheetos. *See* Docket No. 25-3 at 8-18. Plaintiff does not address these purchases in reply.[4]

The undersigned agrees with Defendants that a preliminary injunction is not warranted given that Plaintiff has not established that he will suffer irreparable harm if an injunction does not issue. Plaintiff's asserted injury arises out of the provision of a meal plan with meat and processed foods that do not comport with his asserted religious beliefs. *See* Docket No. 30 at 3. At the same time, the record shows that Plaintiff has voluntarily chosen to purchase those same foods (meat

---

[3] Plaintiff was moved to a new prison after this suit was filed. *See, e.g.*, Docket No. 14. It appears from the briefing that the alleged dietary issues persist notwithstanding the change in Plaintiff's location. Accordingly, it does not appear that there is a mootness issue arising from Plaintiff's relocation. *Cf. Walker v. Beard*, 789 F.3d 1125, 1132 (9th Cir. 2015).

[4] It is within a court's discretion to deny a motion for preliminary injunction without a hearing when there are no material factual disputes. *See, e.g.*, *Dex Media W., Inc. v. City of Seattle*, 790 F. Supp. 2d 1276, 1278 n.1 (W.D. Wash. 2011) (collecting cases). As there is no dispute regarding Plaintiff's purchase of these food items, there is no need for a hearing.

products, processed cheese products, and other items that he contends are off-limits for Wiccans) even after requesting a specialized diet from the prison. Plaintiff made no attempt to square the dietary restrictions he alleges are necessary to avoid an irreparable religious injury with his own purchase of the very products that he claims are contrary to his religious faith.[5]

Accordingly, Plaintiff has not shown that he is likely to suffer irreparable harm in the absence of preliminary relief and, as a result, Plaintiff is not entitled to a preliminary injunction.[6]

## IV.  CONCLUSION

For the reasons articulated more fully above, the undersigned **RECOMMENDS** that Plaintiff's motion for preliminary injunction be **DENIED**.

Dated: December 22, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[5] Given that the failure to show a likelihood of irreparable harm is dispositive of Plaintiff's motion, the Court need not address the other elements required for preliminary injunctive relief. *See Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011).

[6] In addition to seeking the preliminary injunction with respect to his diet, Plaintiff filed a supplement seeking an additional order prohibiting his transfer to a different prison facility in the event the dietary injunction is ordered. *See* Docket No. 24 at 3. Given that the undersigned does not find that a preliminary injunction should issue regarding Plaintiff's meals, there is no need to opine on this supplemental request.

4