# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Trent James Henrickson,

          Plaintiff

    v.

Charles Daniels, *et. al.*,

          Defendants

Case No. 2:20-cv-01676-CDS-NJK

**Order Dismissing
and Closing Case**

    *Pro se* Plaintiff Trent James Henrickson brings this civil-rights lawsuit to redress constitutional violations that he claims he suffered while incarcerated at High Desert State Prison (HDSP). On May 9, 2022, after learning Plaintiff had been paroled, this court ordered the plaintiff to update his address by May 23, 2022. ECF No. 36. That deadline expired without an updated address from the Plaintiff. The Court discovered that Plaintiff failed to update his address when reviewing the outstanding motion for summary judgment filed by Defendants on March 8, 2022. ECF No. 33. The deadline to file a response to that motion was March 29, 2022. To date, no response has been filed by the Plaintiff.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[1] A court may dismiss an action based on a party's failure to obey a court order or comply with local rules.[2] Here, Plaintiff is in violation of Local Rule IA 3-1 which provides that a *pro se* party must file with the court written notification of any change of mailing address, email address, telephone number. LR IA 3-1. That same rule states that failure to comply with this rule may

---

[1] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[2] *See Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).

result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court. *Id.*

In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[3]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[4] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal.[5] Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."[6] Because this action cannot realistically proceed without the ability for the court and the defendants to send plaintiff case-related documents, filings, and orders, the only alternative is to enter a second order setting another deadline. But without an updated address, the likelihood that the second order would even

---

[3] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

[4] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[5] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[6] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

reach the Plaintiff is low, so issuing a second order will only delay the inevitable and further squander the court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. So the fifth factor favors dismissal.

Having thoroughly weighed these factors, I find that they weigh in favor of dismissal. Accordingly,

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (ECF No. 33) be DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that **THIS ACTION IS DISMISSED** without prejudice based on the plaintiff's failure to file an updated address in compliance with this Court's May 9, 2022 order. The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.  If Trent James Henrickson wishes to pursue his claims, he must file a complaint in a new case and provide the court with his current address.

Dated: May 27, 2022

_____
Cristina D. Silva
United States District Judge